## GORHAM v. BLAZO.

If the sheriff's return of an extent on land have no date, it will be presumed to refer to the date of the appraisement.

If there are inherent defects in the return of an extent on land, or if the land is appraised at too high a price, the creditor may waive the extent, at any time before acceptance of the land.

But by the acceptance of livery of seisin, from the sheriff, of the lands so taken, the creditor acquires a vested and perfect title to them, *as between him and the debtor*, which he cannot afterwards waive, and resort to debt on his judgment.

An extent on lands, accepted by the creditor, is a statute-purchase of the debtor's estate; and is good against a subsequent purchaser from the debtor, with notice. *Semble.*

THIS action, which was debt on a judgment, came before the Court upon a case stated by the parties.

It appeared that a writ of execution on the judgment had been sued out, and duly extended on the defendant's land. The return of the appraisers was dated *August* 3, 1820, in which they described the estate set off by metes and bounds;

as *having been shewn to them* by the creditor, to satisfy the execution ; and the creditor, by an indorsement on the execution under his hand, acknowledged that he had received livery of seisin of the land in full satisfaction of the execution and fees of extent. The sheriff in his return, which was without date, certified the proceedings on the extent, and that he had left the creditor in quiet possession of the land.

The plaintiff on the fifteenth of *November* sent the execution to the registry of deeds to be there recorded, but soon after, and before it was recorded, he withdrew it from the office ; and it never had been recorded, nor returned to the clerk's office.

It was further agreed that notwithstanding the extent, *Blazo,* the debtor, still continued to occupy the land, and afterwards, in *July* 1821, for a full consideration, bargained and sold the same land by deed with general warranty to one *William Blazo,* his brother, who has ever since continued to hold it by virtue of his deed ; *Gorham* never having exercised any ownership or made any claim to the land, other than by receiving livery of seisin from the sheriff.

After this conveyance by the debtor, of the land extended upon, the plaintiff brought the present action.

*Greenleaf,* for the plaintiff, now contended that he had a right to waive the extent, and resort to debt on his judgment ;—because—1st, the extent was not made matter of record, in the registry nor in the clerk's office, and so the title of the debtor was not divested ;—*Ladd v. Blunt,* 4 *Mass.* 402. *Tobey v. Leonard,* 15 *Mass.* 202.—2d, the appraisers' return was defective on the face of it, as it does not state that the appraisers *went upon, or examined* the land ; and that of the sheriff was without date ;—*Tate v. Anderson,* 9 *Mass.* 92. *Bott v. Burnell,* 11 *Mass.* 165. *Lawrence v. Pond,* 17 *Mass.* 433.—3d, the plaintiff did not remain in possession, but the defendant entered upon him ;—*M'Lellan v. Whitney,* 15 *Mass.* 139. *Gooch v. Atkins,* 14 *Mass.* 381.—4th, and subsequently sold the land ;—and the plaintiff might also have waived his right under the extent, if he was not satisfied with the appraisal. *Judge Trowbridge's reading,* 14 *Mass.* 481, 482.

Gorham *v.* Blazo.

The debtor has consented to this waiver, by having since sold the land. In this particular this case differs from all those which have been cited, and is stronger. If this action cannot be maintained, the debtor gets his pay twice,—viz. by satisfaction of this debt, and by the proceeds of the sale,—but the creditor loses his debt without remedy. The defendant cannot be admitted to say that his deed was fraudulent, for this will be taking advantage of his own wrong.

*Emery,* for the defendant. The common learning on this subject is, that until the party had *accepted* livery of seisin, he might have deliberated, and have waived the extent, if he saw fit;—but not after he had deliberately accepted the land in satisfaction of his debt. The time to make his election was after the extent, but before the acceptance. Here, the party has made that election, and is concluded. If he has lost the benefit of his extent by neglecting to record it, this is his own laches. But whether this be the fact or not, is a question which cannot be tried in this action, it being between other parties.

As to the supposed defects in the return;—the whole proceedings may well be referred to the date of the appraisement; and the appraisers must be presumed to have entered on the land and examined it, since the contrary does not appear, and they have described it by metes and bounds.

At the ensuing August term in *Oxford* the opinion of the Court was delivered by

MELLEN C. J. If the proceedings relating to the levy of the plaintiff's execution upon the real estate of the defendant have been such, as that the fee of the land on which the levy was made was transferred to the plaintiff; then the judgment declared on was thereby satisfied; and, of course, the present action cannot be maintained.—Several reasons have been assigned by the plaintiff's counsel, for the purpose of shewing that the levy was informal and ineffectual; and that by means of it no estate passed to him from the defendant.

1. It is urged that the levy is void and inoperative, for reasons appearing on the face of the return; because it is not

Gorham *v.* Blazo.

stated that the appraisers went upon the land to view and ex-
amine it, and because the return is not dated.

. In answer to this objection we would observe, that the lands
appraised are described carefully by metes and bounds; and
it is stated that they were *shewn to them* by the plaintiff.—It
would seem that they must have examined them; at any rate
, it does not appear that they *did not.*—It is said they could form
no just estimate of the value of the estate without viewing and
examining. Perhaps they could not so well judge of its value
in any other mode; but still, whether they appraised the land
at too high or too low a price, can be of no importance, if the
levy and return appear in legal form.—As to the omission of
a date to the officer's return, the reply is obvious.—At the head
of the proceedings indorsed on the execution is the certificate
of the magistrate who administered the oath to the appraisers,
bearing date *August* 3, 1820.—The appraisers afterwards on
the *same day* made their return;—and as the sheriff's return
and the creditor's acknowledgement of livery and seisin deliv-
ered to him have no date, we must presume they have refer-
ence to the date before stated.—At any rate, the return must
have been made and signed before *November* 15, 1820; be-
cause on that day the plaintiff sent the execution and return
to the registry of deeds.

2. In the second place, it is contended that, as the execution
and return have never been recorded in the *registry of deeds*,
but were withdrawn therefrom by the plaintiff's order; and as
the execution has not been returned to the *clerk's office*, he there-
by waived all rights under the levy;—that no estate passed to
him; and, of course, that the judgment declared on remains
unsatisfied.

In answer to this objection it may be observed in the first
place, that in the cited case of *Tate v. Anderson*, the action of
debt was maintained on the ground that the proceedings under
the execution were so defective that the plaintiff did not there-
by acquire any title to the land set off.—On the same principle
the action of *Gooch v. Atkins* was maintained. In both the
above cases there was an *inherent defect in the return*, so that no
title passed.—Therein *they* differed from the case at bar.—The
next inquiry is whether, after the plaintiff had received seisin

and possession of the estate on which the execution had been extended, he could, by *refusing* or *omitting* to cause the execution to be *returned to the clerk's* office, and *that* and the *proceedings* thereon to be *recorded in the registry of deeds,* waive the levy and render all anterior proceedings null and void. Or, in other words, what facts are necessary to effect a conveyance of the fee from the *debtor* to the *creditor* by the levy of an execution.

The levy of an execution is often called a *statute purchase* of the debtor's estate,—subject to his legal right of redemption.—In the common case of a purchase by *deed,* the delivery of the deed by the *grantor* to the grantee, and his acceptance of it, are sufficient, as between them, to transfer the estate.

And in *McLellan v. Whitney* it was decided, that " where all, " had been regular, except the timely recording of the levy in " the register's office, and there has been no intervening at- " tachment or levy or subsequent purchase, but the creditor " remains in possession, the levy is not void ; but the title is in " him against the judgment debtor and his heirs.—The debtor " cannot avoid the levy for want of the record, that not being " for his benefit but the benefit of the public ; nor can any " creditor or purchaser avoid it, having knowledge of the for- " mer levy."

In the case of *Ladd v. Blunt,* the defendant pleaded that the plaintiff had caused his execution to be levied on the defendant's land in full satisfaction of the same, as by the officer's return on said execution might fully appear.—The plaintiff in his replication alleged that there was no such record of the return on said execution of the levy on the real estate of said *Blunt, &c.*—*Blunt,* by his demurrer, *admitted* that there was no such record.—He, therefore, on his own shewing had no defence.—In the case before us the parties have agreed that the lands were appraised—seisin delivered to and received by the plaintiff—and a return of all the proceedings made on the execution.—In *Lawrence v. Pond* before cited, after noticing the particulars respecting the case of *Ladd v. Blunt,* the Court observe that, if *Blunt* had in his rejoinder alleged that the creditor *neglected* to record his execution and levy, the judgment might have been different from what it was.—In the above

case, *Lawrence* took the execution from the register's office, *after* it was recorded there, *before* it had been returned to the *clerk's* office, and ever after retained it in her possession.—The Court observe,—" But after seisin is delivered by the sheriff " under a lawful levy, *which divests the title of the debtor,* the " creditor cannot waive the levy and resort to his judgment." The only difference between *that* case and the one before us, is that in the former, the levy was *recorded in the register's office,* but not *returned to the clerk's office ;*—in the latter, it has neither been *recorded* nor *returned.*—The *record* and *return* must both take place, from the nature of the thing, *after* seisin has been delivered by the sheriff ; and as, according to the decision in *Lawrence v. Pond,* the creditor *cannot waive the levy* after such delivery of seisin ; it cannot be of any importance, whether the execution and levy be *recorded* in *one* office, and *returned* to the *other ;*—or whether *one only* of these particulars has been complied with ;—or whether *either* of them has been done ;— because the creditor has made his election and acquired his title by a *previous act,*—that of accepting seisin and possession from the sheriff ;—an act, which, as before mentioned, gives him a good title *as between him and the debtor.* And as he may, by *recording* the execution and levy within three months, and the return of the execution to the *clerk's* office, perfect his title *as to all persons ;* so he may neglect to attend to these particulars and precautions, if he be so disposed ; but must not complain of the consequences of his own acts or omissions.

3. It is further contended by the plaintiff's counsel that, as the defendant continued to occupy the land *after* the levy, and in *July* following sold the land to *William Blazo,* this furnishes proof of the *assent of the debtor* to the *waiver of the levy* by the creditor. But this argument is founded in part on the *assumed principle,* that a creditor *can* waive the levy, *after* having received delivery of seisin from the sheriff.—The defendant's counsel deny the correctness of the principle ; considering the estate as transferred from debtor to creditor by the levy and delivery of seisin.—It is true, as stated, that Judge *Trowbridge* lays down the principle that a creditor may waive a levy if, in his opinion, the land is appraised too high ; but he does not say he may do it *after* he has received seisin and possession.—There

are frequent instances of waiver *before*, and for satisfactory reasons.—But if the estate has passed to the creditor, it cannot be *waived ;*—this would be passing real estate from one man to another by *parol*, contrary to the statute of conveyancing.—This acceptance of seisin and possession on the levy of an execution, may, not unaptly, be compared to an entry of a mortgagee to foreclose ;—such entry is an election to take the land and hold it.—Though after this the mortgagor may redeem and regain the estate ; yet if he do not so incline to do, the mortgagee has no election to waive the estate and resort to the personal security for its value.

It is urged that if this action cannot be maintained, the plaintiff is without remedy ; inasmuch as the defendant has sold the land to *William Blazo*, and it does not appear in the case that he was conusant of the levy of the plaintiff's execution and acceptance of seisin and possession.

To this argument there are several answers.

If the plaintiff has lost his title to the land *as against strangers*, it is his own fault.—He should have caused the levy to have been recorded and the execution returned to the clerk's office. The rule, *lex vigilantibus*, &c. may well be applied to his case.

But, though it does not appear by the statement of the parties whether *William Blazo* knew of the levy at the time of his purchase or not ; still it may appear and be proved in an action brought against him for the land. We cannot try *that* question in *this* cause ; we are only to settle rights between *these parties ;*—and if the estate has passed by the levy from the defendant to the plaintiff so as to make a good title in him *as against the defendant*, it is a sufficient answer in this suit.— Besides, if the plaintiff could not maintain a writ of entry against *William Blazo* for the land, on the ground of his being an innocent purchaser for valuable consideration and without notice of the levy ; still it does not follow, that he might not maintain a special action on the case against *Ebenezer Blazo* the defendant for fraudulently conveying away the lands to *William* to defeat the levy. However, it is not necessary to decide this ; nor do we mean to give any opinion on that subject. Our business is only to decide the present cause upon

those facts which belong to it;—and we are all of opinion that, for the reasons we have given, this action cannot be maintained.

*Plaintiff nonsuit.*